UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.            ) | Case No. 4:18-CR-00279 AGF-NAB |
| ) | |
| BRIJ R. VAID and DONNA A. WALDO, ) | |
| ) | |
| Defendants. ) | |

**<u>DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS' TRAVEL BEFORE THE DATE OF ANY ALLEGATION IN THE INDICTMENT</u>**

The Superseding Indictment alleges that Defendant Dr. Brij Vaid traveled "during 2011-2015." Doc. 39 at 7. Specifically, it alleges Dr. Vaid traveled "repeatedly during timeframes when his medical offices were open and seeing patients." *Id.* Notably, however, the conspiracy is not alleged to have begun until April 3, 2013 and allegedly continued until February 28, 2015. Any travel outside of this specified time frame of the conspiracy is therefore immaterial and irrelevant to this case—and should be excluded at trial. Evidence of such travel would also be unfairly prejudicial to Defendants given the Government's attempt to implicate Dr. Vaid in some vague—and uncharged—conduct. From its non-specific and mysterious allegations, the Government clearly hopes the jury will infer Dr. Vaid was always out of town and always billing. *See id.* (alleging "Dr. Vaid traveled frequently" and was out of town "repeatedly"). This is unfairly prejudicial and should be prohibited under Rule 403. The Government should be held to presenting evidence within the confines of the conspiracy it actually charged.

The evidence is properly excluded on both relevance and 403 grounds. But, lest this Court have any doubt, the Government has also failed to disclose the billing records during those times that are outside the dates of the alleged conspiracy. There should be no dispute, then, that evidence

1

of travel outside those dates should be excluded; the Government has not given Defendants the requisite information that is material to preparing its defense. This is in direct contravention of Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure. Under Rule 16(d), this Court can and should prohibit the Government from introducing this evidence.

WHEREFORE, Defendants respectfully request this Court exclude evidence of travel outside the dates of the conspiracy charged in the Superseding Indictment.

Dated: September 18, 2019

Respectfully submitted,

**DOWD BENNETT LLP**

By: */s/ James G. Martin*
James G. Martin     #33586MO
John D. Comerford   #60164MO
James B. Martin     #70219MO
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)
jmartin@dowdbennett.com
jcomerford@dowdbennett.com
jbmartin@dowdbennett.com

*Attorneys for Defendant Brij R. Vaid*

**CAPES SOKOL GOODMAN & SARACHAN, P.C.**

By: */s/ Sanford J. Boxerman*
Sanford J. Boxerman, #37436MO
Sara G. Neill, #53053MO
7701 Forsyth Blvd., Suite 1200
St. Louis, MO 63105
Telephone: (314) 721-7701
Facsimile: (314) 721-0554
boxerman@capessokol.com
neill@capessokol.com

*Attorneys for Defendant Donna A. Waldo*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2019, the foregoing was filed using the CM/ECF system, which will automatically provide notice to all attorneys of record by electronic means.

                                         */s/ James G. Martin*