# EXHIBIT 1

BEFORE THE
STATE BOARD OF REGISTRATION FOR THE HEALING ARTS
STATE OF MISSOURI

STATE BOARD OF REGISTRATION )
FOR THE HEALING ARTS, )
            )
    Petitioner, )
            )
         v. )    Case No.:    2018-000691
            )
TIMOTHY S. MANUEL, MD, )
            )
    Respondent. )

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DISCIPLINARY ORDER

The Missouri State Board of Registration for the Healing Arts ("Board"), in accordance with the law, and pursuant to properly served notice, took up this matter at its regularly scheduled meeting on August 3, 2018, at the Hilton Garden Inn, 19677 East Jackson Drive, Independence, MO 64057. The Board was represented by Katie R. Struemph, General Counsel to the Board. Respondent, Timothy S. Manuel, MD ("Respondent") did not appear either in person or by counsel. Sharon K. Euler, Division Counsel, served as the Board's legal advisor in these proceedings, in the Board's deliberations, and in preparing this Order. All members of the Board participating in the decision were present throughout the disciplinary hearing. Member of the Board, David Tannehill, DO, was not present.

In reaching the decision set forth in this Order, each member of the Board present at the hearing read and considered the Complaint filed on July 9, 2018. The Complaint alleged that on April 27, 2018, Respondent entered guilty pleas ("Guilty Plea") in the Court of Common Pleas, Highland County, Ohio, in case number 17-CR-0202 to four (4) counts of Aggravated Trafficking in Drugs, a felony offense and violation of section 2925.03(A)(1) Ohio Revised Code, and one (1) count of Worker's Compensation Fraud, a felony offense and violation of section 2913.48(A)(2) Ohio Revised Code. The Guilty Plea was incorporated by reference in the Complaint as Exhibit 1 and entered into evidence.

Petitioner also offered into evidence Exhibit 2, a copy of the "Notice of Hearing" dated July 9, 2018, informing Respondent the Board was in receipt of the aforementioned Complaint and notifying him

for a hearing; and Exhibit 3, a copy of an invoice from the Warren County Sheriff's Department, attesting Respondent was served with the Complaint and the Notice of Hearing on July 19, 2018, at his last known address, Lebanon Correction Institution, Lebanon, Ohio. Exhibits 1 through 3 were admitted into evidence. Petitioner rested and the Board adjourned the hearing to consider whether to enter a default decision against Respondent and whether to find that Respondent's physician and surgeon's license is subject to discipline pursuant to sections 334.102.7(1)(a) and 334.103.1, RSMo[1].

Being fully advised of the above, the Board now enters its Findings of Facts, Conclusions of Law, and Disciplinary Order.

### FINDINGS OF FACT

1.  The Board is an agency of the state of Missouri created and established pursuant to section 334.120, RSMo, for the purpose of executing and enforcing the provisions of Chapter 334, RSMo.

2.  Respondent is licensed by the Board as a medical physician and surgeon, license number 2016016256, which was first issued on May 20, 2016.  Respondent's license is current, and was current and active at all times relevant to this matter.

3.  On May 24, 2018, Respondent entered guilty pleas in the Court of Common Pleas, Highland County, Ohio, as follows:

    A.  Respondent pleaded guilty to four (4) counts of Aggravated Trafficking in Drugs for separate incidents occurring between March 1, 2010, and March 31, 2014, during which Respondent knowingly sold or offered to sell Oxycodone, a Schedule II controlled substance, in an amount equal to or exceeding the bulk amount, but less than five (5) times the bulk amount to four (4) individuals;

    B.  Respondent pleaded guilty to one (1) count of Worker's Compensation Fraud for a continuing course of conduct occurring between July 5, 2010, and May 24, 2014, wherein Respondent made or presented false or misleading statements for the purpose of securing payment from worker's compensation benefits.

---

[1] Statutory references, unless other noted, are to the 2016 Revised Statutes of Missouri.

DOJ-SUPP-0043

4.   The offense of Aggravated Trafficking in Drugs is a felony offense reasonably related to a physician and surgeon's qualifications, functions and duties.

5.   The offense of Worker's Compensation Fraud is a felony offense involving fraud and dishonesty, and is reasonably related to the qualifications, functions or duties of a medical physician and surgeon.

6.   Whereas Respondent failed to timely answer or otherwise defend the Complaint filed on July 9, 2018, and served upon him on July 19, 2018.

## CONCLUSIONS OF LAW

7.   Pursuant to section 536.063(6), RSMo, a default decision shall be entered when the licensee against whom an affirmative decision is sought has failed to plead or otherwise response in the contested case and adequate notice has been given upon a properly pled writing filed to initiate the contested case.

8.   Furthermore, section 324.045, RSMo, provides:

   1.  Notwithstanding any provision of chapter 536, in any proceeding initiated by the division of professional registration or any board, committee, commission, or office within the division of professional registration to determine the appropriate level of discipline or additional discipline, if any, against a licensee of the board, committee, commission, or office within the division, if the licensee against whom the proceeding has been initiated upon a properly pled writing filed to initiate the contested case and upon proper notice fails to plead or otherwise defend against the proceeding, the board, commission, committee, or office within the division shall enter a default decision against the licensee without further proceedings.  The terms of the default decision shall not exceed the terms of discipline authorized by law for the division, board, commission, or committee.  The division, office, board, commission, or committee shall provide the licensee notice of the default decision in writing.

   2.  Upon motion stating facts constituting a meritorious defense and for good cause shown, a default decision may be set aside.  The motion shall be made within a reasonable time, not to exceed thirty days after entry of the default decision.  "Good cause" includes a mistake or conduct that is not intentionally or recklessly designed to impede the administrative process.

9.   The Board finds a default decision is warranted in this matter because the proceeding is based upon a properly pled writing filed with the Board to initiate a contested case, Respondent was afforded

3

DOJ-SUPP-0044

proper and timely notice of the basis for this action and the hearing, and he failed to respond or otherwise defend against the statement of facts set forth in the Complaint.

10. The Board has jurisdiction to conduct a disciplinary hearing against Respondent pursuant to section 334.102.7(1)(a), RSMo, which states: "(1) The board may initiate a hearing before the board for discipline of any licensee's license or certificate upon receipt of ... (a) Certified court records of a finding of guilt or plea of guilty or nolo contendere in a criminal prosecution under the laws of any state or of the United States for any offense involving the qualifications, functions, or duties of any profession licensed or regulated under this chapter, for any offense involving fraud, dishonesty, or an act of violence, or for any offense involving moral turpitude, whether or not sentence is imposed [...]."

11. The Board has jurisdiction to take disciplinary action against Respondent pursuant to section 334.103.1, RSMo, which states: " A license issued under this chapter by the Missouri State Board of Registration for the Healing Arts shall be automatically revoked at such time as the final trial proceedings are concluded whereby a licensee ... has entered a plea of guilty ... in a felony criminal prosecution under the laws of the state of Missouri, the laws of any other state ... for any offense reasonably related to the qualifications, functions or duties of their profession, or for any felony offense involving fraud, dishonesty or an act of violence..., whether or not sentence is imposed …. The license of any such licensee shall be automatically reinstated if the conviction or the revocation is ultimately set aside upon final appeal in any court of competent jurisdiction."

12. The Board has cause to revoke Respondent's medical physician and surgeon's license, pursuant to sections 334.102.7(1)(a) and 334.103.1, RSMo, because the Guilty Plea constitutes a plea of guilty by Respondent in a felony criminal prosecution under the laws of the state of Ohio for felony offenses reasonably related to the qualification, functions, or duties of Respondent's profession and for a felony offense involving fraud and dishonesty.

13. Pursuant to section 334.103.1, RSMo, the Board shall automatically revoke Respondent's medical physician and surgeon's license upon the finding that Respondent entered a plea of guilty in a felony

4

criminal prosecution under the laws of the state of Ohio for offenses reasonably related to the qualifications, functions or duties of his profession, and for a felony offense involving fraud, dishonesty.

14. Finding that cause exists to revoke Respondent's license based on the Guilty Plea, the Board may impose any discipline otherwise available when disciplining licensee of that same profession under section 334.102.7(3), RSMo, and provide that Respondent may not apply for reinstatement of the person's license for a period of time ranging from two (2) to seven (7) years following the date of the order of revocation per section 334.100.5, RSMo.

15. The Board finds the discipline imposed herein is necessary to protect the public.

## DECISION AND DISCIPLINARY ORDER

16. Upon the foregoing findings of fact and conclusions of law, it is the Order of the Missouri State Board of Registration for the Healing Arts that upon the effective date of this Order, the physician and surgeon's license issued to Timothy S. Manuel, MD, license number 2016016256, is hereby **REVOKED** pursuant to section 334.103, RSMo.

17. Respondent shall not apply for reinstatement of his license for a period of seven (7) years from the effective date of this Order.

18. Respondent shall immediately cease practicing in the state of Missouri; and shall, within fifteen (15) days of the effective date of this Order, return his pocket card and license to the Board.

19. If Respondent is licensed in other jurisdictions, he shall forward written notice of this disciplinary action to the licensing authorities of those jurisdictions within thirty (30) days of the effective date of this Order.  Respondent shall submit a copy of the written notice to the Board contemporaneously with sending it to the relevant licensing authority.  If Respondent is not licensed in other jurisdictions, he shall notify the Board of that fact, in writing, within thirty (30) days of the date of this Order.

20. Respondent shall, within thirty (30) days of the effective date of this Order, forward written notice of this disciplinary action to all employers, hospitals, nursing homes, out-patient centers, clinics and any other facility where Respondent practices or has privileges.    Respondent shall,

DOJ-SUPP-0046

contemporaneously with the giving of such notice, submit a copy of the notice to the Board for verification by the Board or its designated representative.  If Respondent does not have an employer, staff privileges or practice at any facility, he shall notify the Board of that fact, in writing, within thirty (30) days of the date of this Order.

21. Respondent shall, within thirty (30) days of the effective date of this Order, forward written notice of this disciplinary action to any allied health care professionals that are supervised by Respondent. Respondent shall, contemporaneously with the giving of such notice, submit a copy of the notice to the Board for verification by the Board or its designated representative.  If Respondent does not supervise any allied health professionals, he shall notify the Board of that fact, in writing, within thirty (30) days of the date of this Order.

22. All reports, documentations, notices or other materials that Respondent is required to submit to the Board per this Order, shall be sent to:  State Board of Registration for the Healing Arts, Attention: Enforcement, P.O. Box 4, Jefferson City, Missouri 65102.

23. Respondent is advised that his compliance with the terms of this Order and the discharge of his professional obligation to transfer his patients' care and records to other physicians will be assessed by the Board upon any application for reinstatement.

21. The Board will maintain this Order as an open, public record of the Board as provided in Chapters 324, 334, and 610, RSMo, and it will report this action to the National Practitioner Data Bank and the Federation of State Medical Boards.


SO ORDERED, EFFECTIVE THIS 1st DAY OF November , 2018.


_Connie Clarkston_
**Connie Clarkston, Executive Director**
**Missouri State Board of Registration for the Healing Arts**

6