UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18 CR 279 AGF NAB |
| | ) |
| BRIJ R. VAID and DONNA A. WALDO, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' RESPONSE TO DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE REFERENCE TO OR EVIDENCE ABOUT TIMOTHY MANUEL**

Plaintiff, the United States of America, responds to *Defendants' Motion In Limine to Exclude [any] Reference to or Evidence About Dr. Timothy Manuel* (Docket #188), and respectfully requests that the Court deny the motion.

In this motion, defendants object to the admission of any reference to Dr. Timothy Manuel's recent felony drug trafficking conviction in Ohio as irrelevant and unfairly prejudicial.

Defendants' motion is not clear regarding exactly what it seeks to exclude from evidence at trial. If defendants' motion is narrow, and just seeks to prevent the Government from admitting Dr. Manuel's felony plea agreement from Ohio or his Missouri license disciplinary Order as exhibits, then the Court should deny the motion without prejudice. The Government agrees that it will not seek to admit Dr. Manuel's plea agreement or Disciplinary Order into evidence during trial without first advising the Court and defense counsel outside the presence of the jury.

If defendants' motion is more broadly drawn, and seeks to exclude any reference at all to Dr. Manuel at all during the entire trial, then the motion should be denied. Certainly, if either party called Dr. Manuel as a witness, then his credibility could be impeached with his recent

felony conviction.  Fed. R. Evid. 608-9.  A party can choose to impeach the credibility of its own witness under Fed. R. Evid. 607, and the Government could choose to do so here with the plea agreement to explain why he is now in custody and no longer working with defendants.

As just one example of what kind of relevant and admissible testimony that Dr. Manuel would be able to provide, based on his personal knowledge, he can testify whether or not Dr. Vaid and Ms. Waldo had a habit or routine practice of using Dr. Vaid's provider number when billing for services that were actually provided by other providers (e.g. by Ms. Waldo or Dr. Manuel).  Fed. R. Evid. 406, 602; *United States v. Lutrell,* 612 F.2d 396 (8th Cir. 1980) (proof that taxpayer had habit of not filing tax returns admissible in tax prosecution).

Further, Dr. Manuel could testify whether Dr. Vaid and Ms. Waldo had a habit or routine practice of using pre-signed prescriptions for controlled substances with their patients.  Habit evidence under Rule 406 may be probative of  "the regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn...." Fed.R.Evid. 406, advisory committee's note (quoting McCormick, Evidence § 195 at 826).  "Courts are inclined to leniency when it comes to evidence of routine business practice." *Fritchie v. Alumax, Inc.*, 931 F. Supp. 662, 666 (D. Neb. 1996) citing 2 Jack Weinstein & Margaret Berger, Weinstein's Evidence § 406[03].  On this record, defendants' motion fails to establish that any evidence regarding Dr. Manuel is inadmissible.

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that the Court deny *Defendants' Motion In Limine to Exclude [any] Reference to or Evidence About Dr. Timothy Manuel* (Docket #188), and grant such other and further relief that the Court deems just and proper.

        Respectfully submitted,

        JENNIFER WINFIELD
        Attorney for the United States,
        Acting Under Authority
        Conferred By 28 U.S.C. § 515

        __/s/ Andrew J. Lay  #39937MO____
        Andrew J. Lay
        Assistant United States Attorney
        111 South 10th Street, Room 20.333
        St. Louis, Missouri  63102
        (314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by either operation of the Court's electronic filing system or electronic mail and first class mail, postage prepaid, upon the following:

    counsel for defendants

        /s/ AUSA Andrew J. Lay